IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **PATRICK LEE BIGLAKE,** <br><br> Defendant. | **Case No: 18-03032-01-CR-S-MDH** |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on September 5, 2018. For the reasons set forth below, and under the factors set out in 18 U.S.C. § 3553(a) and the plea agreement, the Government respectfully recommends that this Court sentence the defendant, Patrick Lee BigLake (BigLake), to a term of imprisonment of 18 months for his conviction for possession of contraband in prison, in violation of Title 18, United States Code, Section 1791(a)(2) and (d)(1)(B). The Government also recommends that this term of imprisonment run consecutively to any other term of imprisonment the defendant is currently serving, including his 400-month term of imprisonment from his convictions under case number 08-53-BLG-JDA from the United States District Court of Montana. The Government further recommends that such term of imprisonment be followed by a three-year term of supervised release.

## I. BACKGROUND

On February 21, 2018, a grand jury seated in Springfield, Missouri, returned an indictment against the defendant, Patrick Lee BigLake, for one count of possession of contraband within a prison. (D.E. 1.)[1]

On March 8, 2018, the defendant pleaded guilty to the sole count of the indictment. (D.E. 10.) The United States Probation Office submitted its draft presentence investigation report ("PSR") on May 2, 2018. The defendant objected to the draft PSR (PSR Adden.)[2], and the Probation Officer filed the final PSR on May 23, 2018. (D.E. 15.) The sentencing hearing is scheduled for September 5, 2018. (D.E. 17.)

## II. FORMULATION OF THE DEFENDANT'S SENTENCE

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines should be applied in an advisory fashion to meet constitutional demands. *Id.* at 258. While this Court is not bound to impose a sentence based solely on the Guidelines, the Court "nevertheless must consult the Guidelines to calculate a defendant's sentence because the Guidelines are the critical starting point for fashioning a reasonable sentence [under the statutory sentencing factors]." *United States v. Gregg*, 467 F.3d 1126, 1128 (8th Cir. 2006) (internal quotation omitted). Pursuant to the Sentencing Guidelines, the Court "shall determine the kinds of sentencing and the guideline range as set forth in the guidelines by applying the provisions of this manual . . . ." U.S.S.G. §1B1.1(a). After considering the Sentencing Guidelines, the Court,

---

[1] "D.E." refers to the docket entry of the instant district court criminal case, case number 18-03032-01-CR-S-MDH, and any associated documents.

[2] "PSR Adden." refers to the presentence investigation report addendum, filed on May 23, 2018.

"shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole." U.S.S.G. §1B1.1(c); *see also* 18 U.S.C. § 3553(a).

After making that determination, the district court, utilizing the § 3553(a) sentencing factors, can impose a more severe or more lenient sentence, as long as it is reasonable. *See Booker*, 543 U.S. at 263-65. The § 3553(a) factors relevant to this matter are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established [under the Sentencing Guidelines]; [and] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a).

Upon correctly calculating the Guidelines range, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of a sentencing set forth in 18 U.S.C. § 3553(a). *Id.* As explained below, a consecutive sentence of 18 months' incarceration satisfies the criteria set forth in § 3553(a) and is a reasonable and just sentence given the facts and circumstances of the case now before this Court.

## III. DISCUSSION

**A.     Statutory and Guidelines Calculations**

As a result of the defendant's plea, his statutory maximum sentence for the class D felony of possession of contraband within a prison, pursuant to 18 U.S.C. § 1791(a)(2) and (d)(1)(B), is not more than 5 years' imprisonment. (PSR 10, ¶ 45.) The PSR assessed the defendant a criminal history score of 7, and found that the defendant's criminal history category was "IV" and the total

3

offense level was 11.  *Id*. at 8, 10, ¶¶ 30, 46.  The PSR stated the Court may impose a term of supervised release of not more than three years for the defendant's conviction.  *Id*. at 11, ¶ 49.  Based on the defendant's criminal history category of "IV" and a total offense level of 11, the Guidelines imprisonment range is 18 months to 24 months within Zone D of the Sentencing Table, with the defendant ineligible for probation, and a Guidelines supervised release term of one year to three years for the sole count of the indictment.  *Id*. at 11, ¶¶ 50, 52.  While the defendant lodged a single objection to the PSR, that objection did not impact the Guideline Range calculations.  (PSR Adden. 1.) The Government concurs with the PSR assessment.

**B.      Statutory Sentencing Factors**

   ***1.   Nature and Circumstances of the Offense and History of the Defendant***

   The Government's recommended sentence appropriately reflects "[t]he nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  "In fashioning a 'sentence sufficient, but not greater than necessary,' 18 U.S.C. § 3553(a), 'district courts are not only permitted, but required, to consider the history and characteristics of the defendant.'" *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009) (quoting *United States v. White*, 506 F.3d 635, 644 (8th Cir. 2007)).  Consequentially, "factors such as a defendant's age, medical condition, prior military service, family obligations . . . etc., can form the bases for a variance even though they would not justify a departure."  *Id*. at 830-31 (citing *United States v. Ryder*, 414 F.3d 908, 920 (8th Cir. 2005)).

   The offense conduct within the PSR thoroughly discussed the nature and facts of this case.  (PSR 4-5, ¶¶ 4-5.)  In this particular case, the defendant, while incarcerated at the United States Medical Center for Federal Prisoners ("USMCFP"), had become involved in an ongoing feud with another inmate.  As a result, the defendant used the hard plastic end of a toilet brush to create a

4

large weapon. The defendant could then use the shank to repeatedly stab another individual. All of this was done in anticipation of fighting the other inmate.

After learning of the defendant's creation of the weapon, prison officials approached him. While the defendant initially refused to comply with demands and turn over the weapon, he eventually surrendered the weapon that he had created.

The defendant will be 41 years old on the date of his sentencing. (PSR 3.) He has a criminal history score of seven and a criminal history category of IV. *Id*. at 8, ¶ 30. At the time the defendant created and possessed this weapon, he was already serving a 400-month sentence with the Bureau of Prisons ("BOP") for his 2008 conviction for aggravated sexual abuse of minor within Indian Country. (PSR 7, ¶ 27.)

Despite receiving various sentences between probation and over 33 years' imprisonment, the defendant continues to commit crimes. The fact that this defendant chose to create a weapon to then use against another inmate demonstrates his complete disregard for the judicial system, for law enforcement, and for the safety and well-being of others.

The defendant reported he was raised primarily by his mother until her death when the defendant was 18 years old. *Id.* at 9, ¶ 36. The defendant reported that he spent some summers with his father in Montana, and that he has four paternal, half-siblings. *Id*. There was no physical or mental abuse claimed by the defendant. The defendant is married and he has children with women other than his wife. *Id.* ¶ 37. While it is unknown if the defendant has maintained contact with either his wife or children, the defendant has been convicted of battery of a household member when he threw his wife into a wall and hit her in the face. *Id.* 6, 9, ¶¶ 24, 32.

The defendant's physical health is generally good. *Id*. at 9, ¶ 38. Additionally, the PSR documented that the defendant is currently at the USMCFP due to chronic depression, and he has a history of abusing alcohol, marijuana, cocaine, and methamphetamine. *Id*. at 10, ¶¶ 39-40.

In making its recommendation, the Government has taken into consideration the instant offense, the defendant's relevant conduct, and his criminal history. The Government believes that its recommendation reflects the appropriate balance between any possible mitigating factors and the nature of his current conduct.

The Guidelines range in this case is 18 months to 24 months. The Government respectfully asserts that a sentence of 18 months', consecutive to his current sentence from the District of Montana, is appropriate given the nature and circumstances of this case and the defendant's history.

2. *Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense*

The recommended sentence also "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Such considerations reflect the need for retribution, the need to make the punishment fit the crime, and the need not just to punish, but to punish justly.

In this case, the seriousness of the defendant's crime is reflected in the actions described above, as well as in statute and the Sentencing Guidelines. The defendant's criminal act of creating and possessing contraband within a prison subjects him to a maximum five-year prison sentence. 18 U.S.C. § 1791(a)(2) and (d)(1)(B).

While the Sentencing Guidelines consider the actions of the defendant when determining a sentencing range, his criminal history and conduct in this case reveal a longstanding pattern of illegal and violent conduct, throughout his life. The defendant committed the instant offense while

6

he was serving a 400 month federal sentence. Despite the significant punishment he received for his prior crime, and despite the varying sentences he has received for his earlier offenses, the defendant continues to engage in criminal conduct intended to physically harm others, no matter the environment. The defendant's actions in this case demonstrate his lack of respect for the law, as well as his determination to continue his illegal activity.

Based on the defendant's history and actions, the Government's request for a sentence of 18 months' imprisonment, consecutive to the federal sentence he was serving at the time of this offense reflects the seriousness of the offense, promotes respect for the law, and provides punishment that is sufficient, but not greater than necessary.

### 3. *Need to Afford Adequate Deterrence to Criminal Conduct*

While the Government asserts that the defendant's sentence should reflect a need to "afford adequate deterrence to criminal conduct," candidly, an 18 to 24 month sentence, in addition to his current 400-month sentence, is unlikely to specifically deter this defendant from committing further crimes, given the sentences he has received in the past. *See* 18 U.S.C. § 3553(a)(2). The defendant's violent criminal history and his commission of this assault while in the custody of the BOP for a 400-month sentence demonstrate that, to this point, he has not received a sentence serious enough to deter his future criminal conduct. However, making an 18-month sentence consecutive to his current term of imprisonment may provide such deterrent not just to him, but to other individuals considering similar conduct.

While it is impossible to truly determine if others will be deterred from committing future crimes, an 18-month consecutive sentence will specifically hold this defendant accountable for his criminal acts and hopefully send a clear message that will deter him from committing additional crimes. In this case, a period of incarceration is essential to both protect the community and

7

educate this defendant that any future criminal behavior will ensure even lengthier periods of incarceration moving forward. Given the need to afford adequate deterrence against future criminal conduct, the Government respectfully requests a consecutive sentence of 18 months' imprisonment for his conviction with credit for the time the defendant has already served since being indicted for this particular offense.

### 4. *Need to Protect the Public from Further Crimes of the Defendant*

"Adequate protection is a function of two variables: the level of risk that conduct will occur and the level of harm that will be inflicted if that conduct does occur." *United States v. Irey*, 612 F.3d 1160, 1217 (11th Cir. 2010) (citing *United States v. Boyd*, 475 F.3d 875, 877-78 (7th Cir. 2007)). Through his violent criminal history and his assault of another inmate in the BOP, the defendant has shown that he is a danger to the community. While this criminal act arose from an ongoing feud between two federal inmates, the act demonstrates the defendant's violent tendencies and could result in a more hazardous environment for BOP officials tasked with running these facilities. An 18-month sentence consecutive to his current 400-month sentence will at least protect the public from future crimes of this defendant for that period of time.

### 5. *Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct*

A consecutive sentence of 18 months would "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). From the outset, a correct calculation of the Guidelines range protects against *unwarranted* disparities among *similarly situated* defendants. *See Gall v. United States*, 552 U.S. 38, 55 (2007) ("avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges") (emphasis added).

18 U.S.C. § 3584(a) presumes that, "Multiple terms of imprisonment imposed at different times run consecutively" unless the court orders otherwise. Further, U.S.S.G. §5G1.3(a) states, "If the instant offense was committed while the defendant was serving a term of imprisonment… the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." Given the statutory presumption, and the Guidelines mandate, for a consecutive sentence under these circumstances, the Government believes that its recommendation of a within-Guidelines, consecutive, sentence of 18 months reflects an outcome that is consistent with sentences received by those with similar criminal history and conduct.

## IV. CONCLUSION

Ultimately, 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory Guidelines range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to specifically deter this defendant from future criminal conduct, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

Accordingly, the Government respectfully requests that this Court impose a sentence of 18 months' imprisonment, consecutive to his current 400-month sentence, to be followed by a three-year term of supervised release.

>Respectfully submitted,
>
>TIMOTHY A. GARRISON
>United States Attorney
>
>*/s/ Patrick Carney*
>Patrick Carney
>Assistant United States Attorney
>Western District of Missouri
>901 St. Louis Street, Suite 500
>Springfield, Missouri 65806
>(417) 831-4406

## CERTIFICATE OF SERVICE

       I hereby certify that on this the 27th day of July 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                                             */s/ Patrick Carney*
                                             Patrick Carney
                                             Assistant United States Attorney

11

Case 6:18-cr-03032-MDH   Document 18   Filed 07/27/18   Page 11 of 11